# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ASHOK KADAMBI, M.D., et al., | ) |
| | ) |
|        **Plaintiffs,** | ) |
| | ) |
| v. | )     Cause No. 1:13-CV-321 |
| | ) |
| EXPRESS SCRIPTS, INC., et al., | ) |
| | ) |
|        **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiffs seek to remand this case to the Allen Superior Court, arguing that Defendants (1) submitted to the jurisdiction of the state court, thereby waiving their opportunity to remove, and (2) regardless of waiver, the Court lacks subject matter jurisdiction. (Docket # 15.) In response, Defendants contend they did not waive their right to remove, and both diversity and federal question jurisdiction are present.

Having reviewed the record and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1, the undersigned Magistrate Judge recommends that Plaintiffs' Motion to Remand be DENIED. This Report and Recommendation is based on the following facts and principles of law.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2013, Plaintiff Dr. Ashok Kadambi–at this time proceeding as the sole plaintiff–filed a complaint in the Allen Superior Court, Small Claims Division, alleging state law claims of defamation and breach of a settlement agreement, and seeking $6,000 in damages. (Docket # 1.) On August 22, 2013, the Allen Superior Court transferred the case to its plenary docket. (Pls.' Mem. in Supp. of Mot. to Remand ("Pls.' Mem.") 2.)

On September 16, 2013, Defendants filed a motion to dismiss or, in the alternative, for a more definite statement. (Mot. to Remand Ex. 1.) That same day, Defendants issued interrogatories and requests for production on Kadambi. (Mot. to Remand Ex. 4.) Of relevance here, interrogatory 17 requested Kadambi identify all damages, costs, and expenses, and state their amount. (Am. Not. of Removal Ex. D.)

On October 7, 2013, Kadambi filed a motion for leave to file an amended complaint, seeking to add four plaintiffs and two claims. (Docket # 2.) The proposed amended complaint did not set forth an amount in controversy, but did request multiple preliminary and permanent injunctions, an award of attorney fees, compensatory damages, pre- and post-judgment interest, and punitive damages. (Docket # 2.) At an October 16, 2013, hearing on Defendants' motion, Kadambi was granted leave to file his amended complaint by agreement of the parties. (Mot. to Remand Ex. 6.)

On October 23, 2013, Defendants filed a four paragraph motion to compel discovery responses. (Mot. to Remand Ex. 7.) Prior to a hearing on that motion, on October 29, 2013, Kadambi filed his discovery responses. Kadambi's answer to interrogatory 17 indicated he was seeking multiple preliminary and permanent injunctions, compensatory damages, punitive damages, attorney fees, pre- and post-judgment interest, and directed Defendants to "refer to his previous and subsequent discovery answers and responses which are incorporated by reference." (Am. Not. of Removal Ex. D.) Notably, Kadambi did not provide the amount of his damages.

That same day, October 29, 2013, Defendants sent a letter to Plaintiffs seeking to determine whether Plaintiffs were asking for more than $75,000. (Am. Not. of Removal Ex. C.) The letter requested that each Plaintiff not seeking a judgment in excess of $75,000 execute an

affidavit to that effect, and stated "[i]f any Plaintiff is unwilling to execute the affidavit, then I will presume that Plaintiff is seeking damages in excess of the jurisdictional amount necessary for removal." *Id.*

After receiving no response, Defendants filed a notice of removal on November 5, 2013, on the basis of diversity and federal question jurisdiction. (Docket # 3.) The notice of removal explains that to determine the amount in controversy, Defendants requested the above mentioned affidavits, and "[t]o date, no Plaintiff has returned an executed copy of the affidavit, thereby raising the presumption that each Plaintiff is seeking relief with a value that exceeds $75,000 exclusive of interest and costs." (Am. Not. of Removal ¶ 19.)

## II. ANALYSIS

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

### *A. Defendants Have Not Waived Their Right to Remove*

Plaintiffs first argue that Defendants waived their right to remove by demonstrating an intent to litigate in state court. Specifically, Plaintiffs contend that Defendants waived this right by: (1) issuing discovery requests beyond what was needed to determine removability; and (2) participating at the hearing on their motion to dismiss after having notice of the grounds for removal. Plaintiffs' argument is unpersuasive.

Where "the original complaint does not disclose a ground for removal, the defendant must remove the case to federal court within thirty days of receiving 'a copy of an amended

3

pleading . . . from which it may first be ascertained that the case is one which is or has become removable.'" *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (quoting 28 U.S.C. § 1446(b)). "A motion for leave to file a pleading is not a motion or pleading from which it may be ascertained that a case is one which has become removable under 28 U.S.C. § 1446(b) until such time as the motion for leave is granted." *Ellis v. Coventry Capital I LLC*, No. 08 cv 3083, 2008 WL 4396349, at *3 (N.D. Ill. Sept. 24, 2008).

Accordingly, contrary to Plaintiffs' assertion otherwise, the date from which it may first be ascertained that this case was removable is not October 7, 2013 (the date Plaintiffs filed their proposed amended complaint), but instead October 16, 2013 (the date Plaintiffs were granted leave to file an amended complaint). *Radasweski v. Gamer*, No. 01 C 9551, 2002 WL 31430325, at *2 (N.D. Ill. Oct. 21, 2002) (Where "the original complaint does not disclose a ground for removal but an amended complaint does so, the thirty-day period does not begin to run until the state court grants leave for the amended complaint to be filed.").

When examining Defendants' actions under the proper time frame, it is clear they did not waive their right to remove. "[W]aiver of the right to remove can only justify remand in exceptional circumstances such as where a party has proceeded to fully adjudicate the case." *Reder v. Pearlman*, No. 04 C 6104, 2005 WL 326983, at *1 (N.D. Ill. Feb. 8, 2005) (citing *Rothner v. City of Chicago*, 879 F.2d 1402, 1407 (7th Cir. 1989)); *Cahill v. Ivex Novacel, Inc.*, No. 04 C 2566, 2004 WL 2064305, at *2 (N.D. Ill. Sept. 1, 2004) (explaining that *Rothner* is still good law subsequent to the amendment to 28 U.S.C. § 1447(c) and noting that "[e]ven if the doctrine of waiver is applicable as a basis for remand, waiver would only apply in exceptional circumstances"); *see Fate v. Buckeye State Mut. Ins. Co.*, 174 F. Supp. 2d 876, 881 (N.D. Ind.

4

2001) (finding that waiver occurs when a defendant fails to remove a case "before it has been considered at length in the state court").

The two actions Plaintiffs claim constituted an intent to litigate in state court–initiating discovery and participating at the hearing on the motion to dismiss–took place prior to the case becoming removable. Defendants' actions cannot constitute waiver as "a party cannot waive a right that it does not yet have." *Cruz v. Lowe's Home Ctrs., Inc.*, No. 8:09-CV-1030, 2009 WL 2180489, at *3 (M.D. Fla. July 21, 2009). In regard to issuing discovery requests on Kadambi, district courts have consistently held that such actions–particularly before a case becomes removable–do not evidence an intent to litigate in state court. *See*, *e.g.*, *Cahill*, 2004 WL 2064305, at *3 (rejecting argument that defendant's act of sending requests to admit facts in state court could constitute waiver of right to remove); *see also Bechtelheimer v. Cont'l Airlines, Inc.*, 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010) (rejecting Plaintiff's contention that Defendant waived right to remove because his "actions of answering the complaint and serving discovery upon the [plaintiff] happened prior to having the right of removal"); *Mattel, Inc v. Bryant*, 441 F. Supp. 2d 1081, 1091 n.10 (C.D. Cal. 2005) ("A defendant does not waive his right to remove by engaging in [discovery]"); *Nixon v. Wheatley*, 635 F. Supp. 2d 635, 641 (E.D. Tex. 2005) (defendants did not waive right to remove by engaging in "limited, non-dispositive" discovery).

The same is true with Defendants' participation at the hearing on their motion. Not only is filing a motion to dismiss and participating in the subsequent hearing on that motion insufficient to demonstrate an intent to litigate in state court, the Defendants' alternative request for a more definite statement and subsequent stipulation allowing Plaintiffs leave to file an amended complaint demonstrates they were not seeking an adjudication on the merits. *See*

5

*Dorazio v. UAL Corp.*, No. 02 C 3689, 2002 WL 31236290, at *4 (N.D. Ill. Oct. 2, 2002) (finding that defendant did not waive its right to remove by filing motion to dismiss before filing notice of removal, but remanding due to lack of subject matter jurisdiction); *In re Bridgestone/Firestone, Inc. ATX, ATX II*, 128 F. Supp. 2d 1198, 1201 (S.D. Ind. 2001) ("[W]e find that the prevailing and better reasoned view on this issue is that the filing of a motion to dismiss in the state court does not constitute a waiver of the right to remove."); *compare Liebau v. Columbia Ca. Co.*, 176 F. Supp. 2d 1236, 1243-44 (D. Kan. 2001) (finding defendant did not waive right to remove after filing motion for default judgment and motion to dismiss because it "was simply seeking to preserve its right to contest the merits of plaintiffs' claims and was not seeking a ruling on the merits of those claims"), *with Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1125 (D.N.M. 1998) (finding Defendants had waived right to remove because they filed motion to dismiss *after* they were aware of the possible federal question issues).

Further, each of Defendants' actions subsequent to the case becoming removable were predicated on determining removability. Defendants' October 29, 2013, letter was to determine whether the amount in controversy could be satisfied. The motion to compel was ostensibly filed, at least in part, for the same reason; Defendants needed Kadambi's answers prior to the thirty-day removal window closing to determine whether the amount in controversy had been satisfied. As such, Plaintiffs' contention that Defendants should be deprived of their right to remove for engaging in activities whose very purpose is ascertaining removability is unfounded. *Radaszewski*, 2002 WL 31430325, at *5 (defendant did not waive right to remove even though it had filed an answer and responded to plaintiff's motion to amend complaint because these actions "indicate that Defendant was merely trying to defend against the case and did not seek a

decision on the merits"); *see Hawes v. Cart Prods., Inc.*, 386 F. Supp. 2d 681, 687 (D.S.C. 2005) (Defendant did not waive right to remove by filing motion to shorten the time for discovery responses, motion for relief from default, challenging service of process, and continuing a damages hearing).

Finally, as Defendants point out in their brief, each case cited by Plaintiffs is either factually inapposite or supports Defendants. While the case here was in state court less than three weeks after it became removable, each of Plaintiffs' cited cases spent significantly more time in state court. *See Integra Bank, N.A. v. Greer*, No. 4:02-CV-244, 2003 WL 21544260, at *3 (S.D. Ind. June 26, 2003) (finding that defendant waived right to remove because he had allowed "a final judgment to be entered some 11 months after the case began before seeking removal"); *Fate*, 174 F. Supp. 2d at 882 (defendant waived right to remove because it litigated the case in state court "for nearly one full year" despite knowing the case was removable from the original complaint); *Chavez*, 15 F. Supp. 2d at 1125 (defendant waived right to remove because they litigated case for nine months in state court and because it actively litigated in state court after learning about federal question claim).

The other cases cited by Plaintiffs actually support Defendants' argument. *See McKnight v. Ill. Cent. R.R.*, 967 F. Supp. 182, 186 (E.D. La. 1997) (defendant did not waive right to remove and explaining that "[t]he right to remove a case to federal court may be waived by acts taken in the state court, *subsequent to the creation of the right to remove*, that indicate the defendant has invoked the jurisdiction") (emphasis added); *Fain v. Biltmore Sec., Ins.*, 166 F.R.D. 39, 42 (M.D. Ala. 1996) (rejecting waiver argument because Defendants' state court actions did not "rise to the level of a clear and unequivocal waiver of the right to remove").

Because Defendants' actions prior to the case becoming removable did not evidence an intent to litigate in state court, and their actions subsequent to the case becoming removable were predicated on ascertaining the amount in controversy, they did not waive their right to remove.

### *B. The Court Has Diversity Jurisdiction Over the Parties*

Because the parties agree that they are completely diverse, the only issue is whether the amount in controversy has been satisfied.[1] In support of their argument that the amount in controversy has been satisfied, Defendants argue Plaintiffs have affirmatively stated the amount in controversy exceeds $75,000 citing to Kadambi's answer to Interrogatory 17.

Kadambi's answer incorporated his "previous and subsequent discovery answers," which, according to Defendants, means he incorporated his discovery responses from a previous case–involving several of the same parties and similar claims–in which he stated that he was seeking more than $15 million dollars in special damages. From that, Defendants argue that Plaintiffs have affirmatively stated that they are seeking more than $15 million in this case. Plaintiffs, of course, argue that the incorporation by reference was limited to his discovery responses in this case. The Court need not decide, however, whether Kadambi's answer to interrogatory 17 incorporated his discovery responses from a prior case because Defendants' Notice of Removal clearly shows that the amount in controversy is satisfied.

"As the party seeking to invoke diversity jurisdiction, [Defendants] bear[] the burden of demonstrating that the complete diversity and amount in controversy requirements are met." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit

---

[1] Because there is clearly diversity jurisdiction, the issue of whether there is also federal question jurisdiction is not reached.

begins, or in the event of removal, on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) (internal citations omitted). Determining the amount in controversy "is easier said than done [however] when the plaintiff[s] . . . do[] not want to be in federal court and provide[] little information about the value of [their] claims." *Id.* at 511. "In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)).

The Seventh Circuit Court of Appeals has held that where a plaintiff does not stipulate to damages below the jurisdictional amount after being requested to do so, "the inference arises that he thinks his claim may be worth more." *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). On October 29, 2013, Defendants sent Plaintiffs' counsel a letter asking any Plaintiff to execute an affidavit affirming they are not seeking damages in excess of $75,000 and stating "[i]f any Plaintiff is unwilling to execute the affidavit, then I will presume that Plaintiff is seeking damages in excess of the jurisdictional amount necessary for removal." (Am. Not. of Removal Ex. C.) To date, no Plaintiff has submitted such an affidavit. Accordingly, Plaintiffs' "refusal to admit [they] would not seek more than $75,000 in compensatory damages, [injunctive relief], punitive damages, and attorneys' fees makes it plausible that more than $75,000 was as stake." *Oshana*, 472 F.3d at 512.

Although Plaintiffs now argue that they are not seeking damages in excess of $75,000, this argument is unpersuasive as Plaintiffs "cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of $75,000, but refusing to admit or stipulate that [their] damages will not exceed that amount." *Id.* (citing *Rubel*, 361 F.3d at 1020 ("[P]laintiffs

9

can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum.")); *see Chase*, 110 F.3d at 428 (plaintiff's "refusal to respond to [defendant's] request to admit that the case was worth less than the jurisdictional amount" was one reason the value of the controversy exceeded $75,000); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints"); *Cunningham v. Manpower Prof'l Serv. Inc.*, No. 07-cv-656, 2008 WL 754004, at *3 (S.D. Ill. Mar. 18, 2008) (finding plaintiff's affidavit insufficient to constitute an effective stipulation because it did not state that less than $75,000 was in controversy).

Finally, district courts have consistently denied a motion to remand where, in addition to a refusal to stipulate to damages below the jurisdictional amount, the plain language of the complaint shows a plaintiff is seeking extensive damages. *See Cunningham*, 2008 WL 754004, at *2 (denying motion to remand because the plain language of complaint coupled with Plaintiff's refusal to stipulate to damages below $75,000 demonstrated that the amount in controversy had been satisfied); *Choudary v. P&G-Clairol, Inc.*, No. 07 C 6966, 2008 WL 4779137, at *2-3 (N.D. Ill. Oct. 22, 2008) (same).

Here, both the plain language of the complaint and Kadambi's answer to interrogatory 17 indicate that the type of relief sought is extensive. Both indicate that Plaintiffs are seeking multiple preliminary and permanent injunctions, compensatory damages, punitive damages, attorney fees, and pre- and post-judgment interest. (Docket # 2; Am. Not. of Removal Ex. D.) Accordingly, Defendants have shown that the amount in controversy exceeds $75,000, and the Court has subject matter jurisdiction over the parties. *See Epstein v. Target Corp.*, No. 06 C 7035, 2007 WL 551552, at *2 (N.D. Ill. Feb. 15, 2007) (denying motion to remand where plain

language of complaint, defendants evidence that back pay alone could exceed jurisdictional amount, and refusal to stipulate to damages below $75,000 demonstrated that the amount in controversy had been satisfied).

### III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that Plaintiffs' Motion to Remand (Docket # 15) be DENIED.  Consequently, the undersigned Magistrate Judge further recommends that Plaintiffs' request for an award of attorney fees be DENIED.  NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

SO ORDERED.

Enter for this 21st day of April, 2014.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge