UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ASHOK KADAMBI, M.D., *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EXPRESS SCRIPTS, INC., *et al.* )<br>)<br>Defendants. ) | Case No. 1:13-CV-321-JD-RBC |

## ORDER

On November 5, 2013, this case was removed to this Court from the Superior Court of Allen County, Indiana. [DE 3.] On December 12, 2013, Plaintiffs filed a Motion to Remand back to Indiana state court, arguing that this Court lacks subject matter jurisdiction. [DE 15.] Defendants filed a response in opposition [DE 33] and Plaintiffs filed a reply in support of remand [DE 34].

On April 10, 2014, the undersigned referred the motion to Magistrate Judge Cosbey for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1. [DE 38.] On April 21, 2014, Magistrate Judge Cosbey issued his Report and Recommendation. [DE 39.] In his Report and Recommendation, Magistrate Judge Cosbey recommends that the Motion to Remand be denied. [DE 39 at 11.] As of this date, no party has filed an objection to the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) (affording the parties fourteen days to file objections).

The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

Under Federal Rule of Civil Procedure 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrates Judge's Report and Recommendation to which specific written objection have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a Magistrate Judge's Report and Recommendation and the District Court's standard of review for resolving objections). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739. In addition, failure to file objections with the district court also "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both section 636(b)(1) and Rule 72(b) permit the parties to file objections to a Report and Recommendation within fourteen days of being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). More than 14 days have passed since the entry of Magistrate Judge Cosbey's Report and Recommendation, and no party has filed an objection.

2

Consequently, because the time period for objections as passed, the Court considers there to be no objection to Magistrate Judge Cosbey's Report and Recommendation.

Having reviewed the Report and Recommendation and finding no clear error therein, the Court **ADOPTS** the Report and Recommendation in its entirety [DE 39] and incorporates all of Magistrate Judge Cosbey's findings and recommendations into this order. Accordingly, Plaintiffs' Motion to Remand is **DENIED**. [DE 15.]

SO ORDERED.

ENTERED: June 10, 2014

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court