# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **ASHOK KADAMBI, M.D., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:13-CV-321 |
| | ) |
| **EXPRESS SCRIPTS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a motion filed by Defendants seeking the Court's approval of a proposed protective order under 45 C.F.R. § 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), allowing the parties to obtain medical information from certain patients of Plaintiff Dr. Ashok Kadambi. (DE # 100.) In response, Plaintiffs agree that a protective order is warranted and do not object to the form of the proposed order, other than to assert it should be narrowed to address only those patients from January 1, 2010, to present.[1] (DE # 103.) The motion is now ripe for ruling. (DE # 104.)

Plaintiffs brought this case to advance a claim of defamation centered on Defendants' purported statements that Dr. Kadambi had "been identified as providing growth hormone for anti-aging, longevity, rejuvenation, cosmetic, performance enhancement or sports medicine

---

[1] The proposed protective orders submitted by the parties are in accordance with the constraints of 45 C.F.R. § 164.512(e)(v), which "[p]rohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested;" and "[r]equires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceedings."

health services."² (Am. Compl. ¶ 27.)  Dr. Kadambi, however, attests that he "has never written prescriptions for HGH for anti-aging, longevity, rejuvenation, cosmetic, performance enhancement or sports medicine health services." (DE # 86, Kadambi Aff. ¶ 12.)

The parties anticipate that Defendants will assert a defense that some or all of their statements concerning Plaintiffs were true, and therefore, not defamatory as a matter of law. *See Melton v. Ousley*, 925 N.E.2d 430, 439 (Ind. Ct. App. 2010) ("[T]ruth is a complete defense to defamation."). Consequently, the parties agree that the defamation claim places in issue documentation about the medical condition and treatment of Dr. Kadambi's patients, which is subject to privacy requirements under HIPAA.

Defendants' proposed order authorizes the disclosure of protected health information of all of Dr. Kadambi's patients who were tested for HGH deficiency or to whom HGH was prescribed. They emphasize that because Dr. Kadambi states he "never" prescribed HGH for any of the alleged improper purposes (Kadambi Aff. ¶ 12), the documentation of *all* of his patients who were tested for HGH deficiency or to whom HGH was prescribed, regardless of date, are relevant.

But Plaintiffs assert that Defendants' proposed order is "overly expansive and could unduly burden the Plaintiffs to provide records that are no longer in their possession." (Pls.' Objection 2.) They emphasize that under Indiana Code § 16-39-7-1, a physician is only required to maintain health records for seven years, and thus, the proposed order should be narrowed to those patients who meet the criteria from January 1, 2010, to present.

Plaintiffs, however, do not explain with any particularity how the production of the

---

² Human growth hormone is referred to herein as "HGH".

records as described by Defendants is unduly burdensome.  That is, Plaintiffs do not describe the number of records the request could entail or what particular effort it would take to produce these records.  "[A] party objecting to discovery on the basis of undue burden must specifically demonstrate the burden that the discovery would impose." *Symons Int'l Grp., Inc. v. Cont'l Cas. Co.*, No. 1:01-cv-799, 2015 WL 1279839, at *7 (S.D. Ind. Mar. 20, 2015).

Nor is it clear why Plaintiffs cite the Indiana statute limiting the retention of medical records to *seven* years, but then argue for a temporal limitation of just *five* years.  Notably, Plaintiffs do not dispute the requested documentation on the basis of relevancy.  And Defendants acknowledge that Plaintiffs cannot produce a record that has been destroyed, observing that Plaintiffs should have documentation at least as far back as seven years prior to the onset of litigation. (Defs.' Reply 1-2.)

Having considered the parties' arguments, Defendants' Motion for Entry of HIPAA Order in Civil Action (DE # 104) is GRANTED.  Plaintiffs Objection (DE # 103) is OVERRULED.

SO ORDERED.

Enter for this 10th day of April 2015.

S/ Susan Collins
Susan Collins,
United States Magistrate Judge

3